needless for us to speculate on the motives for the city's action. It is enough for us to know whatever its reasons may have been that it has in plain language stipulated against an assignment of the contract. That stipulation is valid and must be enforced. To hold that it covers some but not all of the rights and obligations arising out of the contracts, would be, it seems to us, an inexcusable perversion of its terms."

This authority relates to a contract, but a lease is of the same legal species and the same principles apply.

The authorities of the plaintiff in error cite the well established law that choses of action arising out of contracts may be assigned and against this law we have no complaint but it must be conceded that there is no applicability of these authorities when there are no allegations in the petition which show an assignment of any character whatsoever upon which plaintiff in error can base his rights.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.

### BOWDEN v WILLIAMS et

Ohio Appeals, 9th Dist, Summit Co
No 1671. Decided March 3, 1930

Johnathan Taylor, Akron, for Bowden.
Meade & Weygandt, Akron, for Williams et.

**PER CURIAM**

The minds of the parties never met in agreement as to the location of the driveway; therefore said deed cannot be reformed as requested by Williams, and for a like reason it cannot be enforced against Williams, as requested by Bowden—the provisions of the deed as to the driveway having been inserted by the mutual mistake of said parties.

Under all the evidence in the case—there being no meeting of the minds and said provision having been inserted in the deed by mistake of all parties—said deed may be reformed by striking therefrom said provision in reference to the driveway, and there being no contract as to a driveway, the title to lot 78 may be quieted in Williams and the title to lot 79 may be quieted in Bowden, and such is the order of the court; the entire costs in both courts being assessed against Williams.

Funk, PJ., Pardee, J., and Washburn, J., concur.

### WILLIAMS v JOHNS et

Ohio Appeals, 9th Dist Summit Co
No 1683. Decided Feb. 18, 1930

Commins, Brouse, Englebeck & McDowell, Akron, R. S. Dechant, Lebanon, for defendants Keifer and Haynes.
Grover C. Walker, Akron, for defendant Keller.